IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TROY LEE PERKINS, | ) | |
| ID #1480826, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:16-CV-2437-M-BH |
| | ) | |
| LORIE DAVIS, et al., | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this *pro se* prisoner case has been automatically referred for full case management. Before the Court is *Plaintiff pro se's Motion for Court to Order state court Void Judgement "set-aside" and release plaintiff*, filed October 27, 2016 (doc. 12). Based on the relevant filings and applicable law, the motion should be denied.

**I. BACKGROUND**

On January 7, 2008, Troy Lee Perkins (Plaintiff), currently an inmate in the Texas Department of Criminal Justice (TDCJ) Estelle Unit, pled guilty to four charges of aggravated robbery with a deadly weapon in Nos. F07-00645, F07-71769, F07-71970, and F07-71990 in the 282nd Judicial District Court of Dallas County, Texas, and was sentenced to 12 years' imprisonment in each case. *Perkins v. Thaler*, No. 3:10-CV-329-N, 2011 WL 3511043, at *1 (N.D. Tex. May 26, 2011), *adopted by* 2011 WL 3510910 (N.D. Tex. Aug. 2011). His initial challenge to his convictions by petition for writ of habeas corpus under 28 U.S.C. § 2254 was dismissed as barred by the statute of limitations. *See id.* He filed several subsequent § 2254 petitions that were transferred to the United States Court of Appeals for the Fifth Circuit as successive. *See Perkins v. Stephens*, No. 3:16-CV-594-B (N.D. Tex. Apr. 4, 2016); *Perkins v. Stephens*, No. 3:14-CV-4366-B (N.D. Tex. Jan. 13, 2015); *Perkins v. Stephens*, No. 3:13-CV-4615-B, 2014 WL 1917647 (N.D. Tex.

May 12, 2014); *Perkins v. Stephens*, No. 3:13-CV-4547-P, 2013 WL 6869366 (N.D. Tex. Dec. 30, 2013); *Perkins v. Stephens*, No. 3:13-CV-4544-K, 2013 WL 6641206 (N.D. Tex. Dec. 17, 2013). The Fifth Circuit has warned him that future filings of repetitive or frivolous motions for authorization to file a successive habeas petition could result in the imposition of sanctions.  *In re Perkins*, No. 14-10001 (5th Cir. Apr. 15, 2014).

Plaintiff also unsuccessfully sought relief from his convictions through civil actions under 42 U.S.C. § 1983, alleging violations of his civil rights.  *See Perkins v. Stephen*s, No. 3:16-CV-269-D (N.D. Tex. May 24, 2016) (summarily dismissed as three-strikes barred); *Perkins v. State of Texas*, No. 3:13-CV-5047-P, 2013 WL 6869366 (N.D. Tex. Dec. 30, 2013) (summarily dismissed as three-strikes barred); *Perkins v. Collins*, No. 9:13CV98, 2013 WL 38333195 (E.D. Tex. July 22, 2013) (summarily dismissed as three-strikes barred);  *Perkins v. Chatham*, No. 3:12-CV-3651-L, 2012 WL 5471731 (N.D. Tex. Nov. 9, 2012) (summarily dismissed as frivolous).

On August 23, 2016, Plaintiff filed this § 1983 action against multiple individuals that he has previously sued, including Lorie Davis, Director of the TDCJ Correctional Institutions Division (TDCJ-CID); Tony O'Hare, Senior Warden of the Estelle Unit;[1] the 282nd Judicial District Court of Dallas County, Texas; Andrew Martin Chatham, former judge of the 282nd Judicial District Court; the Dallas County District Attorney's Office; Assistant District Attorney Hector Garza; the Dallas County Public Defenders Office; Assistant Federal Public Defender Brett Eliot Martin; the City of Dallas, Texas; Dallas Mayor Mike Rawlings; the Dallas Police Department (DPD); David O. Brown, Chief of DPD; and Dallas County Deputy Sheriff James David, and has paid the filing

---

[1]  Plaintiff subsequently amended his complaint to substitute Chris Carter as the Senior Warden of the Estelle Unit.  (doc. 9 at 3.)

fee. (doc. 3 at 3, 6-7.) He claims that the defendants conspired to hide his identity and the fact that he was mentally ill, deny his request to be transported to a hospital for treatment, prosecute him in bad faith, falsely imprison and restrain him under void orders, tamper with government records, commit violations of the Deceptive Trade Practices Act, and deny him due process of law and equal protection. (doc. 3 at 3, 6-7; doc. 9 at 3-6.) He has paid the filing fee.

He now moves to set aside what he contends are the void judgments of conviction of the state court. (doc. 12.) His motion may be liberally construed as seeking a temporary restraining order (TRO) or a preliminary injunction.

## II. ANALYSIS

A party may obtain a TRO without notice to the other side if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). "To obtain a temporary restraining order, [Plaintiff] must show entitlement to a preliminary injunction." *Mktg. Investors Corp. v. New Millennium Bank*, No. 3:11-CV-1696-D, 2011 WL 3157214, at *1 (N.D. Tex. July 26, 2011) (Fitzwater, C.J.) (citations omitted). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, the movant must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Tex. Midstream Gas Servs., LLC. v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (citation

3

omitted).  The party seeking the preliminary injunction bears the burden of persuasion on all four requirements.  *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009).

To establish the first element of likelihood of success on the merits, a "plaintiff must present a prima facie case but need not show that he is certain to win." *Janvey v. Alguire*, 628 F.3d 164, 175 (5th Cir. 2010).  The first element is assessed by looking at standards provided by substantive law. *Id.* (citing *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990)).

Here, Plaintiff sues under 42 U.S.C. § 1983, which "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*  The injunctive relief that Plaintiff seeks is to have the state judgments of conviction voided and to be released from custody.  Release from imprisonment, or habeas relief, is an inappropriate remedy in a § 1983 action, however.  *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974).  A prisoner may only challenge the fact or duration of confinement within the exclusive scope of habeas corpus.  *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)).  Because Plaintiff may only obtain declaratory or monetary relief in this § 1983 action, he has failed to establish the first element of likelihood of success on the merits.  He has failed to carry his burden of showing why a temporary restraining order or a preliminary injunction should issue in this case.

## III.  RECOMMENDATION

Plaintiff's motion to void the state court judgments of conviction and for an order of release,

which may be liberally construed as seeking a temporary restraining order or a preliminary injunction, should be denied.

**SIGNED this 7th day of July, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE