IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TROY LEE PERKINS, )<br>    ID #1480826, )<br>        Plaintiff, )<br>vs. )<br> )<br>LORIE DAVIS, et al., )<br>        Defendants. ) | No. 3:16-CV-2437-M-BH<br><br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this *pro se* prisoner case has been automatically referred for full case management. Based on the relevant filings and applicable law, the case should be **DISMISSED** with prejudice.

**I. BACKGROUND**

On January 7, 2008, Troy Lee Perkins (Plaintiff), currently an inmate in the Texas Department of Criminal Justice (TDCJ) Estelle Unit, pled guilty to four charges of aggravated robbery with a deadly weapon in Nos. F07-00645, F07-71769, F07-71970, and F07-71990 in the 282nd Judicial District Court of Dallas County, Texas, and was sentenced to 12 years' imprisonment in each case. *Perkins v. Thaler*, No. 3:10-CV-329-N, 2011 WL 3511043, at *1 (N.D. Tex. May 26, 2011), *adopted by* 2011 WL 3510910 (N.D. Tex. Aug. 2011). His initial challenge to his convictions by petition for writ of habeas corpus under 28 U.S.C. § 2254 was dismissed as barred by the statute of limitations. *See id.* He filed several subsequent § 2254 suits that were transferred to the United States Court of Appeals for the Fifth Circuit as successive. *See Perkins v. Stephens,* No. 3:16-CV-594-B (N.D. Tex. Apr. 4, 2016); *Perkins v. Stephens*, No. 3:13-CV-4615-B (N.D. Tex. May 12, 2014); *Perkins v. Stephens*, No. 3:14-CV-4366-B (N.D. Tex. Jan. 13, 2015); *Perkins v. Stephens*, No. 3:16-CV-594-B (N.D. Tex. Apr. 4, 2016). The Fifth Circuit has warned him that

future filings of repetitive or frivolous motions for authorization could result in the imposition of sanctions. *In re Perkins*, No. 14-10001 (5th Cir. Apr. 15, 2014).

Plaintiff has also unsuccessfully sought relief from his convictions through civil actions under 42 U.S.C. § 1983, alleging violations of his civil rights. *See Perkins v. Stephens*, No. 3:16-CV-269-D (N.D. Tex. May 24, 2016) (summarily dismissed as three-strikes barred); *Perkins v. State of Texas*, No. 3:13-CV-5047-P, 2013 WL 6869366 (N.D. Tex. Dec. 30, 2013) (summarily dismissed as three-strikes barred); *Perkins v. Collins*, No. 9:13CV98, 2013 WL 38333195 (E.D. Tex. July 22, 2013) (summarily dismissed as three-strikes barred); *Perkins v. Chatham*, No. 3:12-CV-3651-P, 2012 WL 5471731 (N.D. Tex. Nov. 9, 2012) (naming many of the same defendants as in this case; summarily dismissed as frivolous under *Heck v. Humphrey*), *aff'd* 538 F. App'x 550 (5th Cir. 2013); *Perkins v. Chatham et al.,* No. 3:09-CV-1788-G, 2009 WL 3816529 (N.D. Tex. Nov. 12, 2009) (claims against same state judge as in this case dismissed based on immunity); *Perkins v. Martin*, 3:09-CV-1731-N-BH, 2009 WL 3816525 (N.D. Tex. Nov. 12, 2009) (claims against same Assistant Public Defender as in this case dismissed for failure to state a claim).

On August 23, 2016, Plaintiff filed this § 1983 action against multiple individuals including Lorie Davis, Director of the TDCJ Correctional Institutions Division (TDCJ-CID); Tony O'Hare, Senior Warden of the Estelle Unit;[1] the 282nd Judicial District Court of Dallas County, Texas; Andrew Martin Chatham, former judge of the 282nd Judicial District Court; the Dallas County District Attorney's Office; Assistant District Attorney (ADA) Hector Garza; the Dallas County Public Defenders Office; Assistant Public Defender (APD) Brett Eliot Martin; the City of Dallas,

---

[1] Plaintiff subsequently amended his complaint to substitute Chris Carter as the Senior Warden of the Estelle Unit. (doc. 9 at 3.)

Texas; Dallas Mayor Mike Rawlings; the Dallas Police Department (DPD); David O. Brown, Chief of DPD; and Dallas County Deputy Sheriff James David. (doc. 3 at 3, 6-7.)[2] He claimed that the defendants conspired to hide his identity and the fact that he was mentally ill, deny his request to be transported to a hospital for treatment, prosecute him in bad faith, falsely imprison and restrain him under void orders, tamper with government records, commit violations of the Deceptive Trade Practices Act, and deny him due process of law and equal protection. (doc. 3 at 3, 6-7; doc. 9 at 3-6.) After twice amending his complaint, he now only asserts those claims against the 282nd Judicial District Court, Judge Chatham, ADA Garza, Chief Public Defender Lynn Pride, APD Martin, Mayor Rawlings, DPD Chief Brown, Sheriff Valdez, and Deputy Sheriff David. (*See* doc. 41 at 2-5.) Most of the defendants were named in Plaintiff's prior lawsuits, all of which arise from the same factual background and assert many of the same claims. No process has been issued.

## II. PRELIMINARY SCREENING

Although Plaintiff initially sought to proceed *in forma pauperis* (IFP), he paid the filing fee after it was recommended that the lawsuit be dismissed because he was barred from proceeding IFP under the "three-strikes" provision in paragraph (g) of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. (*See* doc. 4.) It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Notwithstanding the payment of the filing fee, Plaintiff's complaint is still subject to prelim-

---

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

inary screening under 28 U.S.C. § 1915A because he is a prisoner seeking redress from an employee of a governmental entity. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Fifth Circuit has found that a prisoner action that raises the same claims as a prior action may be dismissed as malicious under § 1915A(b)(1). *Allen v. Scott*, 95 F. App'x 88, 88 (5th Cir. 2004) (per curiam). This Court has found that

> a previously dismissed action based on substantially the same facts arising from a common series of events provides a sufficient basis to dismiss [a] later-filed, fee-paid action when the court dismissed the first action because it was subject to a meritorious defense or was found factually or legally frivolous, after giving the plaintiff the opportunity to expound on the factual allegations before a dismissal as factually frivolous. . . Furthermore, in view of *Marts* and the PLRA amendments, a dismissal for failure to state a claim upon which relief may be granted also appears sufficient when the plaintiff had been given an opportunity to expound on his or her claims before the court dismissed the earlier-filed action.

4

*Shabazz v. Franklin*, 380 F. Supp. 2d 793, 803-04 (N.D. Tex. 2005), *citing Marts v. Hines*, 117 F.3d 1504, 1504-06 (5th Cir. 1997) (en banc)).

As noted, Plaintiff has already filed prior cases that have been dismissed against most of the defendants in this lawsuit based on the same set of facts and occurrences as in this case. *See Perkins v. Chatham*, No. 3:12-CV-3651-P; *Perkins v. Chatham et al.*, No. 3:09-CV-1788-G. Two of those cases were dismissed as frivolous after Plaintiff had an opportunity to expound on his claims through a magistrate judge's questionnaire. *See Perkins v. Chatham*, No. 3:12-CV-3651-P, doc. 9; *Perkins v. Chatham et al.*, No. 3:09-CV-1788-G, doc. 4. Although he now adds a couple of new defendants, his claims are essentially another attempt to relitigate his criminal trial and convictions through a civil rights action alleging the same causes of action. Plaintiff may not use a subsequent civil complaint to re-litigate or reconsider the dismissal of his prior cases, and this case should therefore be dismissed as malicious.

Even if the case is not malicious, it is still barred under *Heck* for the same reasons that his prior civil suits raising the same claims have been found barred and subject to dismissal with prejudice. He has not demonstrated that his allegedly improper conviction and incarceration have been reversed, invalidated, or expunged prior to bringing this action. *See* 538 F. App'x at 551.

### III. RECOMMENDATION

Plaintiff's complaint should be summarily **DISMISSED** with prejudice under 28 U.S.C. § 1915A(b)(1). The dismissal of the complaint will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[3]

---

[3] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

**SIGNED this 14th day of September, 2018.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.