IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TROY LEE PERKINS,         )<br>    ID #1480826,              )<br>        Plaintiff,             )<br>vs.                           )<br>                              )<br>LORIE DAVIS, et al.,          )<br>        Defendants.            )  | No. 3:16-CV-2437-M-BH<br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is *Plaintiff Pro Se's Original Motion for Stay of Court Judgement; pursuant to :F.R.A.P., Rule 8(1)(A)*, received on October 24, 2018 (doc. 66). Based on the relevant filings and applicable law, the motion should be liberally construed as a motion to alter or amend judgment and should be **DENIED**.

### I. BACKGROUND

On January 7, 2008, Troy Lee Perkins (Plaintiff), currently an inmate in the Texas Department of Criminal Justice (TDCJ) Estelle Unit, pled guilty to four charges of aggravated robbery with a deadly weapon in Nos. F07-00645, F07-71769, F07-71970, and F07-71990 in the 282nd Judicial District Court of Dallas County, Texas, and was sentenced to 12 years' imprisonment in each case. *Perkins v. Thaler*, No. 3:10-CV-329-N, 2011 WL 3511043, at *1 (N.D. Tex. May 26, 2011), *adopted by* 2011 WL 3510910 (N.D. Tex. Aug. 2011). His initial challenge to his convictions by petition for writ of habeas corpus under 28 U.S.C. § 2254 was dismissed as barred by the statute of limitations. *See id.* He filed several subsequent § 2254 suits that were transferred to the United States Court of Appeals for the Fifth Circuit as successive. *See Perkins v. Stephens*, No. 3:16-CV-594-B (N.D. Tex. Apr. 4, 2016); *Perkins v. Stephens*, No. 3:13-CV-4615-B (N.D. Tex.

---

[1] By *Special Order 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

May 12, 2014); *Perkins v. Stephens*, No. 3:14-CV-4366-B (N.D. Tex. Jan. 13, 2015); *Perkins v. Stephens*, No. 3:16-CV-594-B (N.D. Tex. Apr. 4, 2016). The Fifth Circuit has warned him that future filings of repetitive or frivolous motions for authorization could result in the imposition of sanctions. *In re Perkins*, No. 14-10001 (5th Cir. Apr. 15, 2014).

Plaintiff has also unsuccessfully sought relief from his convictions through civil actions under 42 U.S.C. § 1983, alleging violations of his civil rights. *See Perkins v. Stephens*, No. 3:16-CV-269-D (N.D. Tex. May 24, 2016) (summarily dismissed as three-strikes barred); *Perkins v. State of Texas*, No. 3:13-CV-5047-P, 2013 WL 6869366 (N.D. Tex. Dec. 30, 2013) (summarily dismissed as three-strikes barred); *Perkins v. Collins*, No. 9:13CV98, 2013 WL 38333195 (E.D. Tex. July 22, 2013) (summarily dismissed as three-strikes barred); *Perkins v. Chatham*, No. 3:12-CV-3651-P, 2012 WL 5471731 (N.D. Tex. Nov. 9, 2012) (naming many of the same defendants as in this case; summarily dismissed as frivolous under *Heck v. Humphrey*), *aff'd* 538 F. App'x 550 (5th Cir. 2013); *Perkins v. Chatham et al.,* No. 3:09-CV-1788-G, 2009 WL 3816529 (N.D. Tex. Nov. 12, 2009) (claims against same state judge as in this case dismissed based on immunity); *Perkins v. Martin*, 3:09-CV-1731-N-BH, 2009 WL 3816525 (N.D. Tex. Nov. 12, 2009) (claims against same Assistant Public Defender as in this case dismissed for failure to state a claim).

On August 23, 2016, Plaintiff filed this § 1983 action against multiple individuals including Lorie Davis, Director of the TDCJ Correctional Institutions Division (TDCJ-CID); Tony O'Hare, Senior Warden of the Estelle Unit;[2] the 282nd Judicial District Court of Dallas County, Texas; Andrew Martin Chatham, former judge of the 282nd Judicial District Court; the Dallas County

---

[2] Plaintiff subsequently amended his complaint to substitute Chris Carter as the Senior Warden of the Estelle Unit. (doc. 9 at 3.)

District Attorney's Office; Assistant District Attorney (ADA) Hector Garza; the Dallas County Public Defenders Office; Assistant Public Defender (APD) Brett Eliot Martin; the City of Dallas, Texas; Dallas Mayor Mike Rawlings; the Dallas Police Department (DPD); David O. Brown, Chief of DPD; and Dallas County Deputy Sheriff James David.  (doc. 3 at 3, 6-7.)[3]  He claimed that the defendants conspired to hide his identity and the fact that he was mentally ill, deny his request to be transported to a hospital for treatment, prosecute him in bad faith, falsely imprison and restrain him under void orders, tamper with government records, commit violations of the Deceptive Trade Practices Act, and deny him due process of law and equal protection.  (doc. 3 at 3, 6-7; doc. 9 at 3-6.)  After twice amending his complaint, he only asserted claims against the 282nd Judicial District Court, Judge Chatham, ADA Garza, Chief Public Defender Lynn Pride, APD Martin, Mayor Rawlings, DPD Chief Brown, Sheriff Valdez, and Deputy Sheriff David.  (*See* doc. 41 at 2-5.)  Most of the remaining defendants were named in Plaintiff's prior lawsuits, all of which arise from the same factual background as this case, and which assert many of the same claims.

On September 14, 2018, it was recommended that this action be dismissed as malicious because it raises the same claims as a prior action, and in the alternative as frivolous because it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  (*See* doc. 59.)  The recommendation was accepted, and the case was dismissed by judgment filed on October 3, 2018.  (*See* docs. 61, 62.)  Plaintiff now expressly seeks to stay the judgment on grounds that his appeal will show that the district court erred in dismissing his lawsuit.  (*See* doc. 66.)

## II. MOTION TO ALTER OR AMEND THE JUDGMENT

Because Plaintiff's motion challenges the correctness of the final judgment in this case and

---

[3]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

was received within twenty-eight days of its filing, it is properly construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *See Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.")

To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Plaintiff challenges the dismissal of his claims as malicious or frivolous and reasserts some of the same legal theories and arguments that he raised in his complaint. He does not allege new evidence or a change in the law, and he has not demonstrated a manifest error of law or fact. His motion to alter or amend the judgment should be denied.

### III. RECOMMENDATION

Plaintiff's motion should be liberally construed as seeking to alter or amend the judgment

4

under Fed. R. Civ. P. 59(e) and should be **DENIED**.

    **SIGNED this 29th day of October, 2018.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

    A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE