IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TROY LEE PERKINS,<br>     ID #1480826,<br>          Plaintiff,<br>vs.<br><br>LORIE DAVIS, et al.,<br>          Defendants. | )<br>)<br>)<br>)   No. 3:16-CV-2437-M-BH<br>)<br>)<br>)   Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is *Plaintiff's Original Motion to Correct the Court Records; pursuant to :Fed. R. Civ. P., Rule 60(a)*, received on November 16, 2018 (doc. 74). Based on the relevant filings and applicable law, the motion should be **DENIED**.

### I. BACKGROUND

On January 7, 2008, Troy Lee Perkins (Plaintiff), an inmate in the Texas Department of Criminal Justice (TDCJ) Estelle Unit, pled guilty to four charges of aggravated robbery with a deadly weapon in Nos. F07-00645, F07-71769, F07-71970, and F07-71990 in the 282nd Judicial District Court of Dallas County, Texas, and he was sentenced to 12 years' imprisonment in each case. *Perkins v. Thaler*, No. 3:10-CV-329-N, 2011 WL 3511043, at *1 (N.D. Tex. May 26, 2011), *adopted by* 2011 WL 3510910 (N.D. Tex. Aug. 2011). His petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions was dismissed as barred by the statute of limitations. *See id.* He filed several subsequent § 2254 suits that were transferred to the United States Court of Appeals for the Fifth Circuit as successive. *See Perkins v. Stephens,* No. 3:16-CV-594-B (N.D. Tex. Apr. 4, 2016); *Perkins v. Stephens*, No. 3:13-CV-4615-B (N.D. Tex. May 12, 2014); *Perkins v. Stephens*, No. 3:14-CV-4366-B (N.D. Tex. Jan. 13, 2015); *Perkins v. Stephens*, No. 3:16-CV-594-B

---

[1] By *Special Order 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

(N.D. Tex. Apr. 4, 2016). The Fifth Circuit has warned him that future filings of repetitive or frivolous motions for authorization could result in the imposition of sanctions. *In re Perkins*, No. 14-10001 (5th Cir. Apr. 15, 2014).

Plaintiff has also unsuccessfully sought relief from his criminal convictions through civil actions under 42 U.S.C. § 1983, alleging violations of his civil rights. *See Perkins v. Stephens*, No. 3:16-CV-269-D (N.D. Tex. May 24, 2016) (summarily dismissed as three-strikes barred); *Perkins v. State of Texas*, No. 3:13-CV-5047-P, 2013 WL 6869366 (N.D. Tex. Dec. 30, 2013) (summarily dismissed as three-strikes barred); *Perkins v. Collins*, No. 9:13CV98, 2013 WL 38333195 (E.D. Tex. July 22, 2013) (summarily dismissed as three-strikes barred); *Perkins v. Chatham*, No. 3:12-CV-3651-P, 2012 WL 5471731 (N.D. Tex. Nov. 9, 2012) (naming many of the same defendants as in this case; summarily dismissed as frivolous under *Heck v. Humphrey*), *aff'd* 538 F. App'x 550 (5th Cir. 2013); *Perkins v. Chatham et al.,* No. 3:09-CV-1788-G, 2009 WL 3816529 (N.D. Tex. Nov. 12, 2009) (claims against same state judge as in this case dismissed based on immunity); *Perkins v. Martin*, 3:09-CV-1731-N-BH, 2009 WL 3816525 (N.D. Tex. Nov. 12, 2009) (claims against same Assistant Public Defender as in this case dismissed for failure to state a claim).

On August 23, 2016, Plaintiff filed this § 1983 action against multiple individuals and entities, including Lorie Davis, Director of the TDCJ Correctional Institutions Division (TDCJ-CID); Tony O'Hare, Senior Warden of the Estelle Unit;[2] the 282nd Judicial District Court of Dallas County, Texas; Andrew Martin Chatham, former judge of the 282nd Judicial District Court; the Dallas County District Attorney's Office; Assistant District Attorney (ADA) Hector Garza; the Dallas County Public Defenders Office; Assistant Public Defender (APD) Brett Eliot Martin; the

---

[2] Plaintiff subsequently amended his complaint to substitute Chris Carter as the Senior Warden of the Estelle Unit. (doc. 9 at 3.)

City of Dallas, Texas; Dallas Mayor Mike Rawlings; the Dallas Police Department (DPD); David O. Brown, Chief of DPD; and Dallas County Deputy Sheriff James David. (doc. 3 at 3, 6-7.)[3] He claimed that the defendants conspired to hide his identity, hide the fact that he was mentally ill, deny his request to be transported to a hospital for treatment, prosecute him in bad faith, falsely imprison and restrain him under void orders, tamper with government records, commit violations of the Deceptive Trade Practices Act, and deny him due process of law and equal protection. (doc. 3 at 3, 6-7; doc. 9 at 3-6.)[4] Most of these defendants had been named in Plaintiff's prior lawsuits, all of which arose from the same factual background, and which asserted many of the same claims, as this case.

Plaintiff's second amended complaint was filed on June 29, 2019, and it only named the 282nd Judicial District Court, Judge Chatham, ADA Garza, Chief Public Defender Lynn Pride, APD Martin, Mayor Rawlings, DPD Chief Brown, Sheriff Valdez, and Deputy Sheriff David as defendants. (*See* doc. 41 at 2-5.) The second amended complaint expressly stated that Plaintiff was "'narrow[ing] the scope of his complaint" to a claim that he had been denied a fair trial because the defendants were on notice that he was an M.H.M.R. patient but had failed to protect his rights. (*Id.*) On September 14, 2018, it was recommended that this action be dismissed as malicious because it raised the same claims as a prior action, and in the alternative, as frivolous because it was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (*See* doc. 59.) The recommendation was accepted, and the case was dismissed by judgment filed on October 3, 2018. (*See* docs. 61, 62.) Plaintiff then

---

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[4] Although it was initially recommended that the lawsuit be dismissed as barred by the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), the recommendation was vacated after Plaintiff paid the full filing fee. (*See* docs. 4, 11.)

sought to stay the judgment, contending that his appeal would show that the court had erred in dismissing his lawsuit. (*See* doc. 66.)[5] On October 29, 2018, it was recommended that the motion to stay be liberally construed as a motion to alter or amend the judgment, and that it be denied. (*See* doc. 67.) The recommendation was accepted, and the motion was denied on November 14, 2018. (*See* doc. 73.)

Plaintiff now moves to "correct the court records" under Fed. R. Civ. P. 60(a). (*See* doc. 74.) He claims that the record does not correctly reflect the parties to this lawsuit, and that the docket should read "'Troy Lee Perkins, #148-826 v. 282nd Judicial District Court of Dallas County, Texas, et al.,' without citing, or reference to any other party that has been intentionally excluded from or omitted from this suit." (*Id.* at 3.) He also claims the recommendation that the suit be dismissed was based on his original complaint, rather than his second amended complaint, and that his claims are not *Heck*-barred because his second amended complaint makes no reference to his sentence or conviction and only seeks relief from the lack of a fair trial. (*Id.* at 3-5.)

## II. RULE 60(a)

Rule 60(a) states:

> **Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a). "Because the court can exercise its authority under Rule 60(a) at any time, it may do so only to provide 'a specific and very limited type of relief,' relief that is different in kind

---

[5] The appeal was dismissed for want of prosecution, reopened, and finally dismissed for want of prosecution on January 10, 2019. (*See* docs. 76, 77, 78.)

from an alteration or amendment of the judgment under Rule 59(e) or relief due to mistake or inadvertence under Rule 60(b)(1)." *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 193 (5th Cir. 2011); *see also Rutherford v. Harris Cty.*, 197 F.3d 173, 190 (5th Cir. 1999) (citing *James v. Anderson-Tully Co.*, 722 F.2d 211, 212 (5th Cir. 1984) (per curiam) (relief is available under Rule 60(a) only when a mistake is clerical in nature); *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668 (5th Cir. 1986) (en banc) (the scope of Rule 60(a) is "very limited"). The "correction of an error in substantive judgment is outside the reach of Rule 60(a)." *Rutherford*, 197 F.3d at 190; *see also Harcon Barge*, 784 F.2d at 668-69 (Rule 60(a) may not be used to correct a legal error or an error of judgment). As explained in *Dura-Wood Treating Co., Div. of Roy O. Martin Lumber Co. v. Century Forest Indus., Inc.*, 694 F.2d 112 (5th Cir. 1982):

> Such a mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature. If of this sort, it matters not whether the magistrate committed it—as by mistakenly drafting his own judgment—or whether his clerk did so; the law does not regard such trifles. In such instances the judgment can be corrected to speak the truth.

*Id.* at 114 (citations omitted).

Here, Plaintiff argues that the magistrate judge's recommendation that the case be dismissed was directed at his original complaint rather than at his second amended complaint. He notes that his second amended complaint makes no reference to his sentence or conviction and only seeks relief from the lack of a fair trial, and he argues that the style of the case on the recommendation does not correctly reflect the parties to the lawsuit because it still names a defendant who was omitted from his last live complaint. (*See* doc. 74 at 3-5.)[6] He contends that his claims could not

---

[6] The recommendation clearly refers to the second amended complaint, and it specifically notes that several defendants were no longer named in the second amended complaint. (*See* doc. 44.)

be *Heck*-barred because his complaint does not refer to his conviction or sentence, and that it was not liberally construed in his favor despite his *pro se* status. (*Id.* at 4-5.) Plaintiff's filing takes issue with the legal analysis and reasoning of the recommendation, as well as the order accepting the recommendation and the judgment dismissing the case as malicious, and alternatively, as frivolous. He complains of the outcome of the case, as recited in the judgment, not errors of recitation. Because he attacks the substance of the judgment, Rule 60(a) does not apply in this instance.

### III. RECOMMENDATION

Plaintiff's Rule 60(a) motion should be **DENIED**.

**SIGNED this 5th day of August, 2019.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE